IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| CORINA APUAKEHAU, | ) | Civ. No. 12-00229 SOM-BMK |
|---|---|---|
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION TO DENY |
| vs. | ) ) | PLAINTIFF'S MOTION TO REMAND |
| MUTUAL OF OMAHA INSURANCE COMPANY, ET AL., | ) ) ) | |
| Defendants. | ) ) | |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Corina Apuakehau's Motion to Remand (Doc. 9). The Court heard this Motion on July 9, 2012. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court finds and recommends that Plaintiff's Motion be DENIED.

FACTUAL BACKGROUND

On January 27, 2011, Defendant T.B. Lyons conducted a Cancer Policy sales presentation to Hawaii County Police Officers, including Plaintiff. (Complaint ¶ 5.) Defendant Lyons stated, among other things, "that the 'policy benefit' of $72,464 (in Plaintiff's case) would be paid in full." (Id. ¶ 6.) Plaintiff

purchased the Cancer Policy on February 1, 2012. (Id. ¶ 10.) The "original application stated that the 'Base Policy Benefit Amount' was $72,464.00." (Id. ¶ 11.)

A few months later, Plaintiff suffered pelvic pain and her doctor informed her that she had "a type of cancer that invariably kills the person if not treated." (Id. ¶ 14.) After having a partial hysterectomy, Plaintiff sought benefits under the Cancer Policy from Defendant Mutual of Omaha Insurance Company. (Id. ¶¶ 15, 18.) Her claim for benefits was denied. (Id. ¶¶ 19-20.)

On April 2, 2012, Plaintiff filed this action in state court against Defendants Lyons and Mutual of Omaha Insurance Company. The Complaint alleges that Plaintiff "had a right to rely on Lyons when he told the police officers that they would be paid full policy benefits when their own doctors diagnose cancer." (Id. ¶ 22.) She also states that "she would not have purchased the Cancer Policy" if she knew that she would not get the full policy benefits. (Id. ¶ 26.)

Plaintiff's Complaint asserts claims for: (1) bad faith, (2) negligent and/or intentional infliction of emotional distress, (3) breach of contract, (4) unfair and deceptive trade practices, and (5) negligent or intentional misrepresentation. She prays for general damages, special damages, compensatory and consequential

damages, punitive damages, treble damages, pre- and post-judgment interest, and attorney's fees and costs.

On May 2, 2012, Defendants removed this case to federal court on the basis of diversity jurisdiction. Plaintiff now seeks remand, arguing that Defendants have not met their burden of establishing that the "amount in controversy" exceeds the jurisdictional threshold of $75,000.

## DISCUSSION

I.       The Court Finds and Recommends that Remand be Denied.

Defendants removed this case from state court, asserting in the Notice of Removal that this Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Under that statute, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The parties dispute whether the amount in controversy exceeds $75,000.

In determining the amount in controversy in a removed case, district courts "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). "When it is not facially evident from the complaint that more than $75,000 is in controversy, a defendant must prove, by a

3

preponderance of the evidence, that the amount in controversy exceeds $75,000." Miyasato v. Hyatt Corp., CV. NO. 11-00716 JMS-KSC, 2012 WL 874873, at *3 (D. Haw. Feb. 16, 2012) (citing Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003)). "In other words, a defendant must prove that it is 'more likely than not' that the amount in controversy exceeds $75,000." Id. (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)). This "burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" Id. (citation omitted).

"When assessing 'the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" Id. (citing Korn, 536 F. Supp. 2d at 1205). "It is the amount placed 'in controversy by a plaintiff's complaint that is the ultimate inquiry, not what a defendant will actually owe." Id. (citing Korn, 536 F. Supp. 2d at 1205).

Here, the Complaint does not specify the amount of damages sought in this case. Importantly, however, at the hearing on Plaintiff's Motion to Remand, Plaintiff's counsel conceded that, if Plaintiff prevailed on every claim in the

Complaint, the amount she would be entitled to does exceed the jurisdictional threshold of $75,000. The Court agrees with Plaintiff's counsel.

Plaintiff alleges in the Complaint that Defendant Lyons "represented to . . . Plaintiff . . . that the 'policy benefit' of $72,464 (in Plaintiff's case) would be paid in full." (Complaint ¶ 6.) She further alleges that she "had a right to rely on Lyons when he told [her] that [she] would be paid full policy benefits." (Id. ¶ 22.) Her claims for unfair and deceptive trade practices and misrepresentation assert that Defendant Lyons promised to "provide[] a 'Base Policy Benefit Amount' of $72,464." (Id. ¶ 49, 55.) Plaintiff also states in the Complaint that, had she known she would not receive the full policy benefit of $72,464, "she would not have purchased the Cancer Policy." (Id. ¶ 26.) Clearly, Plaintiff seeks the full policy benefit of $72,464 in damages.

Plaintiff also prays for treble damages. Given that "[t]he proper measurement of treble damages is simply three times compensatory damages," Plaintiff's prayer for treble damages tips the amount in controversy over the jurisdictional threshold. See Han v. Yang, 931 P.2d 604, 620 (Haw. Ct. App. 1997). Nevertheless, Plaintiff also prays for punitive damages, attorney's fees, and costs. She also asserts in the Complaint that she "suffered stress, loss of time needed for her own job, [and] health costs" and that she should be awarded "$600

5

taken in premium payments from [her] salary." (Complaint ¶ 44 & Prayer for Relief.) Based on the foregoing, "the amount placed 'in controversy by . . . plaintiff's complaint" exceeds the jurisdictional threshold. See Bix Indus. v. State Farm Mut. Auto. Ins. Co., CV. NO. 09-01219 AHM-MANx, 2009 WL 764519, at *2 (C.D. Cal. March 19, 2009) ("the Court finds that it is more likely than not that if Plaintiff prevails on its second claim for relief it will be awarded punitive damages greater than the $17,000 gap between the $58,000 it seeks explicitly in its Complaint and the $75,000 threshold"). Therefore, in light of Plaintiff's counsel's concession at the hearing on this Motion as well as the facts and claims asserted in the Complaint, the Court finds that Defendants satisfy their burden to "prove that it is 'more likely than not' that the amount in controversy exceeds $75,000." See Miyasato, 2012 WL 874873, at *3. Accordingly, the Court recommends that remand be denied.

II.     The Court Finds and Recommends that Plaintiff's Request for Fees and Costs be Denied.

Plaintiff requests fees and costs under 28 U.S.C. § 1447(c), which provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (Emphasis added). Here, however, the Court recommends that Plaintiff's Motion to Remand be denied. Therefore, § 1447(c) does not authorize an award of fees

and costs to Plaintiff in this case, and the Court recommends that Plaintiff's request for fees and costs be denied.

## CONCLUSION

For the foregoing reasons, the Court finds and recommends that Plaintiff's Motion to Remand be DENIED.

DATED: Honolulu, Hawaii, July 11, 2012.

IT IS SO ORDERED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Apuakehau v. Mutual of Omaha Ins. Co., Inc., et al., Civ. No. 12-00229 SOM-BMK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND.